Judge Wmiams
(after argument by Duffy for the Plaintiffs, and Henderson for the Defendants) — Where a creditor receives papers that are evidences of debts due to the debtor, to be passed to the credit of the debtor, «hen the money due upon them shall be received, the creditor is hound to use all the same diligence to procure payment, and in giving notice to his debtor of non-payment, as if the papers received were actually negotiable-in their nature, and endorsed. This is proved by the case of Chamberlyn v. Delarive, cited at. the bar from 2d Wits. 353. And as it has hern determined in our courts, that a year shall be the longest time allowed foe the giving of this notice, in a case decided at Morgantou, there is great reason why a person who receives instruments not negotiable, should be hound to give notice in reasonable time, and return the papers ; since until the notice given, and the papers returned, the person who passed them has it not in his power to institute .suits for the recovery of the. monies due upon them ; and for want of such notice and return of papers, he may lose his debt entirely.
Judge Haywood — I do not like to give my opinion in this cause, having been concerned in it whilst at the bar;; hut I cannot agree w ith Judge Wixuiaais respecting the law of this rase. The rule* respecting negotiable instruments, are the creatures of commerce. They depend entirely on the custom of merchants, which has applied them for the convenience of commerce to certain commercial instruments only. None but such instruments asare the subject of this custom are liable to these rules. With respect to bills of exchange or the like, the holder of the paper musí, give notice in reasonable time of non-pay-went to the indorser ; or he must prove on the trial, that the indorser or drawer had suffered no loss for want of *438 notice ; because when a man takes a negotiable paper by indorsement, the custom raises a contract on his part, to give reasonable notice of non-payment; but if the paper he takes is not negotiable, the custom being riot made to govern such transactions, raises no contract at all concerning it, and there it. is regulated bv the principles of common justice only. The papers may be returned to the passer of them at any time. The receiving of them by the creditor, is not any discharge of the debtor. Salk, 286. But if be has been so negligent after receiving the papers, as that thereby a loss has happened, which by using common and ordinary diligence he might have prevented, and which must fall either upon himself or the passer of the paper, then the passer of the paper by proving that circumstance, shall throw the loss upon the receiver of them — justice requiring that be by whose negligence the loss has happened, shall bear it; but in this case the Defendants have not proved that the debtors in these papers, were solvent at ihe time of the reception of them, and for some time after, and are now insolvent, nor any other circumstance to exempt them from taking back the papers. They have not proven any loss in consequence of any neglect in the holder, without which, or the proof of some equivalent circumstance, I am of opinion they cannot compel Brown to take them in payment. (Vide, Salk, 131. 6 Mo. 81.) The jury found for the. Plaintiffs, and assessed damages to nine hundred pounds; and Henderson, for the Defendants, moved for a new trial, on account of the misdirection of Judge Haywood, and had a rule to shew cause. ,
And upon the argument for the new trial he cited 1 Term Rep. 405. 714. 4 Term Rep. 713, where it is laid down that in case of bills of exchange the payee must give notice of non-acceptance to the drawer in reasonable time, or must prove that no loss could happen to the drawer for want of notice, by proving there were no effects of his in the hands of the drawee. These authorities were cited to overturn that part of the charge to the jury, which stated, that the Defendants were bound to take back the papers, unless he could prove a loss to have happened by the negligence of Brown, the holder; and w ere intended to establish the reverse of ’hat proposition, namely, that Brown must keep tin papers as payment, unless he could prove the insolvency of the debtors at the time of *439 their reception, or before he mold possibly recover them — and the counsel for the Defendants argued, that though the papers in question were not endorsed nor gotiable, >et having been received by Brown for th purpose of collecting the monies due upon them, which v ere when collected to be applied to his own use, and credited to the Defendants, that they were in all respects subject to the same rules of law as if they actually were bills of exchange and negotiable by endorsement. And of this opinion was Judge Wiiiiajjs dearly; and he was for granting a new trial. Judge Haywood continued to he still of his former opinion, but declined opposing the new trial, having been formerly concerned as counsel fns ;he Plaintiffs. A new trial was granted accordingly ; and at the next term, in March, -797. the Plaintiff’s witness being not in court when the cause was called, he suffered a nonsuit.
Note.— Vide the next case of Alston v. Taylor.